Roy WALKER and Shellie
Walker, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 04–155L.

United States Court of Federal Claims.

July 21, 2006.

Lyman Daniel Bedford, McQuaid, Bedford & Van Zandt, L.L.P., San Francisco, California, counsel for Plaintiffs.

Kristine Sears Tardiff, United States Department of Justice, Washington D.C., counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

On October 31, 2005, pursuant to New Mexico's Uniform Certification of Questions of Law Act, the United States Court of Federal Claims ("this court") respectfully requested that the Supreme Court of the State of New Mexico answer two certified questions of law underlying Plaintiffs' alleged possession of water rights in the State of New Mexico. *See Walker v. United States,* 69 Fed.Cl. 222 (2005). On December 8, 2005, the Supreme Court of the State of New Mexico accepted certification and ordered a briefing schedule. Thereafter, this court informed the parties that it did not intend to take further action until the Supreme Court of the State of New Mexico answered the certified questions.

Nevertheless, on July 5, 2006, the Government filed a Motion for Summary Judgment on the basis that the "vast majority," but not all "of the water rights that are the subject of this case are owned by the United States rather than by Plaintiff or their predecessors-in-interest." *See* Gov't Mot to SJ. at 5. The Government's Motion for Summary Judgment also requested that this court reconsider the accrual date of Plaintiffs' takings claims and dismiss them for lack of jurisdiction in light of the United States Court of Appeals for the Federal Circuit's

intervening decision in *Goodrich v. United States,* 434 F.3d 1329 (Fed.Cir.2006) (holding that plaintiff-appellant's takings claim accrued when an agency issued a final Record of Decision). *Id.* at 25–9. Finally, the Government's Motion for Summary Judgment "suggests that this [c]ourt withdraw its certification order pending resolution of Defendant's motion for summary judgment." *Id.* at 25.

On July 10, 2006, without notice to this court, the Government filed a Motion to Stay Proceedings or in the Alternative for an Extension of Time in the Supreme Court of the State of New Mexico, requesting a stay of the certification proceedings pending resolution of the Government's Motion for Summary Judgment. On July 10, 2006, the Supreme Court of the State of New Mexico issued a stay.

On July 11, 2006, this court informed the parties that it did not intend to act upon the Government's Motion to Dismiss until the Supreme Court of the State of New Mexico answered the certified questions, because that ruling might moot the remaining issues in this case.

On July 13, 2006, upon learning that this court did not intend to act upon the Government's Motion for Summary Judgment, the Supreme Court of the State of New Mexico lifted the July 10, 2006 stay.

On July 14, 2006, Plaintiffs notified this court of the Government's Motion to Stay Proceedings, the July 10, 2006 stay, but that the stay was lifted on July 13, 2006. This court requested that Plaintiffs file a Notice including copies of all filings related to the Government's Motion to Stay.

On July 17, 2006, the Government filed a Renewed Motion to Stay Proceedings in the Supreme Court of the State of New Mexico. Again, the Government did not notify this court of the Renewed Motion to Stay Proceedings.

On July 18, 2006, Plaintiffs filed a Notice Regarding United States' Motions for Stay in New Mexico Supreme Court together with a copy of the parties' filings related to the Government's motions to stay.

\* \* \*

The United States Court of Appeals for the Federal Circuit's recent decision in *Goodrich* does not affect Plaintiffs' takings claim in this case. In *Goodrich,* a plaintiff-appellant's takings claim was predicated on a final agency action. This is not the case here. Plaintiffs' takings claim is predicated on the Government obtaining an injunction denying Plaintiffs their "right of way and other instrumentalities for the maintenance and enjoyment of water rights," which Plaintiffs allege are recognized under the law of the State of New Mexico. *See Walker,* 69 Fed. Cl. at 231 (citing *First State Bank of Alamogordo v. McNew,* 33 N.M. 414, 269 P. 56, 66 (1928)). Therefore, the Supreme Court of the State of New Mexico's answer to the second certified question regarding the "right-of-way and other instrumentalities for the maintenance and enjoyment of a vested water right," has jurisdictional implications. *See* 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.").

Accordingly, the Government's motion to reconsider the accrual date of the Plaintiffs' takings claims and dismiss for lack of jurisdiction is **DENIED.** In addition, the Government's suggestion that this court withdraw the certification pending resolution the Government's Motion for Summary Judgment is **DENIED.** The Government's Motion for Summary Judgment is **DENIED** as untimely, but may refiled after the Supreme Court of the State of New Mexico answers the certified questions.

The Clerk of the United States Court of Federal Claims is directed to transmit a copy of this order to the Clerk of the Supreme Court of the State of New Mexico.

The parties will provide this court with timely notice of all future filings in the Supreme Court of the State of New Mexico related to this case.

**IT IS SO ORDERED.**